# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT LUGO § | |
| Plaintiff, § | |
| § | |
| vs. § | CASE NO. 5:22-cv-135 |
| § | |
| HOME DEPOT INTERNATIONAL, INC. § | |
| d/b/a THE HOME DEPOT #6550, HOME § | |
| DEPOT U.S.A., INC. and JOHN DOE, § | |
| Defendant § | |

## DEFENDANT HOME DEPOT U.S.A., INC.'S
## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Home Depot U.S.A., Inc. and improperly named defendant Home Depot International, Inc. d/b/a The Home Depot #6550. (collectively "Home Depot" herein), who files this its Notice of Removal, on the basis of diversity jurisdiction, and would show the Court as follows:

1. Home Depot is the Defendant in a civil action pending in Bexar County, Texas, entitled *Robert Lugo v. Home Depot International, Inc. d/b/a The Home Depot #6550, Home Depot U.S.A., Inc. and John Doe*, Cause No. 2022-CI-01198 (hereinafter referred to as the "State Court Action"). An Index of Documents Filed with the Notice of Removal is attached hereto as Exhibit "A," and true and correct copies of all process, and pleadings, served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. §1446(a).

2. The State Court Action was filed on February 13, 2019. Home Depot was served with Plaintiff's Original Petition on January 21, 2022. Plaintiff sent a pre-litigation demand of $3,000,000.00.

3. This notice is timely filed within thirty (30) days of Home Depot's receipt of first notice that this Court has jurisdiction over the subject matter of this case as required by 28 U.S.C. §1446(b), and within one year of the commencement of the lawsuit.

4. Plaintiff Robert Lugo is and was at the time of filing suit a citizen of the State of Texas.

5. Home Depot is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Home Depot is and was, therefore, a citizen of the State of Delaware and Georgia.

6. According to 28 U.S.C. § 1441(b)(1), John Doe's citizenship should be disregarded. 28 U.S.C. § 1441(b)(1) states "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [i.e., diversity], the citizenship of defendants sued under fictitious names shall be disregarded."

7. Consequently, the district courts of the United States have original jurisdiction over this action based on completely diversity of citizenship amongst and between the parties, in that Plaintiff, on the one hand, and Home Depot, on the other hand, are now, and were at the time this action commenced, diverse in citizenship from each other.

8. The amount in controversy in the State Court Action is in excess of $75,000.00, exclusive of interests and costs. Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §1332, as it is a civil action wholly between citizens of different states, and the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

9. Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district embracing the place where the State Court Action is pending.

10. Pursuant to 28 U.S.C. §1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Bexar County, Texas, where the action was previously pending.

11. **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Defendant Home Depot U.S.A., Inc. hereby removes the case styled *Robert Lugo v. Home Depot International, Inc. d/b/a The Home Depot #6550, Home Depot U.S.A., Inc. and John Doe,* Cause No. 2022-CI-01198, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By: /s/ *Troy D. Helling*
**TROY D. HELLING**
State Bar No. 24007340
thelling@hpylaw.com
**AMY WELBORN**
State Bar No. 24012853
awelborn@hpylaw.com
**TAYLOR R. YETTER**
State Bar No. 24102672
tyetter@hpylaw.com

4514 Cole Ave., Suite 500
Dallas, TX 75205
(214) 780-5100
(214) 780-5200 (Fax)
-AND-
2705 Bee Caves Road, Suite 220
Austin, Texas 78746

(512) 687-6900
(512) 687-6990 (Fax)

**ATTORNEYS FOR DEFENDANT**
**HOME DEPOT INTERNATIONAL,**
**INC. d/b/a HOME DPEOT STORE**
**#6550 AND HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 16th day of February 2022.

Kevin Gelfand
The Law Office of Thomas J. Henry
5711 University Heights, #101
San Antonio, TX 78249
Kgelfand-svc@tjhlaw.com

                                                          */s/ Troy D. Helling*
                                                          Troy D. Helling